# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKHAIL HAYNES,** | : CIVIL ACTION NO. 1:09-CV-450 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **AT&T MOBILITY, LLC, f/k/a** | : |
| **CINGULAR WIRELESS, LLC,** | : |
| **Defendant** | : |

## MEMORANDUM

Presently before the court are: (1) a motion for summary judgment (Doc. 15), filed by defendant AT&T Mobility, LLC, ("AT&T"), formerly known as Cingular Wireless, LLC, and (2) the Magistrate Judge's report (Doc. 28) recommending that the motion for summary judgment (Doc. 15) be granted in part and denied in part. AT&T has filed objections to the Magistrate Judge's report and recommendation ("R&R"), and the parties have fully briefed the issues raised by AT&T's objections, (see Docs. 29-32). For the reasons set forth below, the court will adopt the R&R in part and reject it in part, and it will grant AT&T's motion for summary judgment.

## I. Factual Background & Procedural History[1]

Plaintiff Mikhail Haynes ("Haynes") was formerly an employee of defendant AT&T. In or around November of 2000, Haynes became a Customer Service

---

[1] The Magistrate Judge's report recites the facts of this case in greater detail. The factual background set forth in this opinion derives from the Magistrate Judge's recitation of facts, but we include only those facts that are pertinent to the objections.

Representative at a call center in Atwater, California, for a predecessor of AT&T. This position required him to answer phones and work on a computer to assist customers. As the result of a disability,[2] Haynes required several accommodations in order to perform his job duties. While Haynes worked at the Atwater call center, his disability was accommodated with little trouble.

In September of 2006, Haynes transferred and began working at a call center in Harrisburg, Pennsylvania. While there, he was unsatisfied with some of the accommodations AT&T made for him,[3] but he was able to continue working as a Customer Service Representative. In December of 2006, Haynes submitted to

---

[2] Haynes suffers from the human immunodeficiency virus ("HIV") and acquired immunodeficiency syndrome ("AIDS"). He suffers from a suppressed immune system and a variety of other symptoms as a result of the disease and medications he takes to treat the disease.

[3] Haynes requested an ergonomical keyboard and mouse, to accommodate carpal tunnel syndrome, and a motorized moveable desk that allowed him to stand while working, to accommodate muscular atrophy. He claims that the keyboard and mouse were not provided to him for more than a month, and he was not satisfied with the extendable desk tray provided to him. Haynes does not dispute that his adjustable keyboard was identical to those made available to other employees who sought an accommodation allowing them to stand while working. He was unsatisfied, however, and he requested that his desk from California be shipped to Harrisburg, or that a similar desk be purchased.
    Haynes also requested a work station near the restroom, to accommodate frequent and sudden urges to relieve himself. Haynes did not specify what distance from the restroom would be adequate to enable him to reach the restroom as needed. He testified that the proper distance could be found only through "trial and error." He testified that he soiled himself several times because his workspace in the Harrisburg call center was too far from the restroom.
    The Magistrate Judge recommended granting summary judgment in AT&T's favor, with respect to Haynes's claims concerning these requested accommodations. (See Doc. 28 at 35-38). Neither party has objected to this portion of the R&R, and the court will adopt it without further discussion. This leaves only one requested accommodation at issue: Haynes's request to be reassigned to another position.

AT&T a medical evaluation from his treating physician, Dr. John Goldman, in which Dr. Goldman stated that Haynes required a less stressful job environment as an accommodation for his medical needs. AT&T's Return to Work Manager sent Dr. Goldman's evaluation out for "peer review."[4] The first physician to review Haynes's evaluation, Dr. Raymond Chagnon, opined that Haynes was capable of performing his job duties, "as long as the stress of his job does not increase from what it is at this time[.]" AT&T then sought a second peer review, in which another physician, Dr. Neal Sherman, concluded that "a less stressful work situation" was "medically necessary[.]" Some time later, Haynes requested to be reassigned to a retail job, apparently under the impression that a retail job would be less stressful than a job in the call center. However, neither Dr. Goldman nor any other physician provided guidance to AT&T concerning the removal of any specific stress factors from Haynes's job duties until December of 2007.

In December of 2007, Dr. Goldman submitted an updated evaluation. He specifically suggested that Haynes be reassigned to a position which did not subject him to a constant flow of customer telephone calls and performance reviews. After receiving this evaluation, AT&T's human resources and legal staff concluded that Haynes could no longer perform the essential functions of his job as Customer Service Representative, even with reasonable accommodations. On or about

---

[4] Through the "peer review" process, third-party physicians make their own determination as to whether or not an employee is capable of performing the essential functions of his or her job, with or without reasonable accommodation, after consulting with the employee's treating physician and reviewing the relevant job description.

3

January 22, 2008, AT&T's Senior Human Resources Manager placed Haynes on a thirty-day period of paid leave. Although he was no longer considered capable of employment in the call center, AT&T encouraged Haynes to apply for a more suitable position within the company. Thereafer, he applied for a number of positions, but AT&T did not extend any offers to him. After the expiration of the thirty-day period, AT&T placed Haynes on a thirty-day period of unpaid leave, for the same purpose. The second thirty-day period expired without offers of employment, and AT&T terminated Haynes's employment.

Haynes filed suit on March 11, 2009, asserting, in pertinent part,[5] claims of disability-based discrimination under the Americans with Disabilities Act ("ADA") and its state law counterpart, the Pennsylvania Human Relations Act ("PHRA"). (Doc. 1). After the pleadings and discovery were complete, AT&T moved for summary judgment. (Doc. 15). The court referred AT&T's summary judgment motion to the Magistrate Judge, (see Doc. 26), who recommended granting the motion in part and denying it in part. Neither party objects to the partial grant of summary judgment recommended by the Magistrate Judge, but AT&T objects to the recommendation that summary judgment be denied in part. The parties have fully briefed the issues raised in AT&T's objections to the R&R, and the matter is now ripe for review.

---

[5] Haynes also raised a retaliation claim. The Magistrate Judge recommended granting summary judgment in AT&T's favor on this claim, (see Doc. 28 at 38-41), and neither party has objected to this portion of the R&R. Accordingly, the court will adopt it, and further discussion is unnecessary.

4

## II. Standard of Review

### A. Standard of Review for a Motion for Summary Judgment

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact," and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). A motion for summary judgment places the burden on the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### B. Standard of Review for a Magistrate Judge's Recommendation

When objections to a Magistrate Judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for

those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

**III. Discussion**

AT&T objects to the R&R insofar as it concludes that AT&T is not entitled to summary judgment on Haynes's failure-to-accommodate claim arising from AT&T's failure to reassign him to a different position. AT&T raises five specific objections, each of which relate to the Magistrate Judge's conclusion that summary judgment should not be granted on this issue: (1) the legal standard upon which the Magistrate Judge relied was not the correct standard, (2) that same legal standard was misapplied by the Magistrate Judge, (3) the Magistrate Judge should have considered a shorter time period in evaluating AT&T's obligation to reassign Haynes as an accommodation of his disability, (4) the Magistrate Judge improperly concluded or assumed that Haynes was qualified for the vacant positions to which Haynes sought reassignment, and (5) the Magistrate Judge should have concluded that there was no genuine issue of material fact as to whether Haynes was the most qualified applicant for any vacant position. (See Doc. 29). The court will address each objection in turn.[6]

**A. Reliance Upon the Supreme Court's *Barnett* Two-Step Test**

AT&T objects to the fact that the Magistrate Judge relied on a test set forth by the Supreme Court in U.S. Airways v. Barnett, 535 U.S. 391 (2002), and adopted

---

[6] The court has also reviewed the remaining portions of the report and recommendation for clear error, and it has found none. Hence, the court adopts the remaining portions of the report and recommendation without further discussion.

6

by the Third Circuit in Shapiro v. Twp. of Lakewood, 292 F.3d 356 (3d Cir. 2002), to analyze Haynes's claim. According to AT&T, the Barnett test should not have been applied to the instant case, because the instant case involves a policy to hire the most qualified applicant for a vacant position, which, AT&T contends, is distinguishable from the policies at issue Barnett and Shapiro. (Doc. 30 at 10).

AT&T notes that, in Huber v. Wal-Mart Stores, Inc., 486 F.3d 480 (8th Cir. 2007), the Eighth Circuit considered a similar policy and concluded that "the ADA . . . does not require an employer to reassign a qualified disabled employee to a vacant position when such reassignment would violate a legitimate nondiscriminatory policy of the employer to hire the most qualified candidate." 486 F.3d at 483. AT&T also points to the dissenting opinion written by Justice Scalia in Barnett, wherein Justice Scalia opined that the ADA's reassignment provisions should not displace an employer's policy for hiring the "best qualified" candidate. AT&T argues that the court should rely on Justice Scalia's opinion, as an indicator of how the Supreme Court would rule in a case involving a "best qualified" policy (Doc. 30 at 10 n.4), because Justice Scalia was the only member of the Court to explicitly discuss such a policy.

After careful consideration of this objection, the court rejects it, and adopts the analysis set forth in the Magistrate Judge's R&R. Although AT&T correctly observes that its "most qualified" policy is distinct from the policies at issue in Barnett and Shapiro, the court concludes that the Barnett test is nevertheless applicable to the instant case. Significantly, the Shapiro court did not limit the applicability of the Barnett test to specific types of neutral policies; rather, it

7

described the Barnett test as a "two-step approach for cases in which a requested accommodation in the form of a job reassignment is claimed to violate a disability-neutral rule of the employer." 292 F.3d 361. Thus, Shapiro suggests that the Barnett test controls the instant case.

Former Third Circuit Judge, and current Supreme Court Justice, Alito authored the Shapiro opinion. This fact undercuts AT&T's argument that the court should look to Justice Scalia's dissenting opinion in Barnett to predict how the Supreme Court would rule on the instant matter. More importantly, Shapiro is binding precedent in the Middle District of Pennsylvania. To be pellucidly clear, the court simply cannot cast aside legal principles articulated by the Third Circuit in favor of the Eighth Circuit's conclusions on this question. AT&T's objection will therefore be rejected. The Magistrate Judge was correct to rely on the Barnett test, as endorsed by Shapiro, and the undersigned adopts his analysis on this issue.

**B.    Application of the Supreme Court's *Barnett* Two-Step Test**

Assuming that Barnett controls the court's analysis, AT&T argues that the Magistrate Judge misapplied it, in that he found Haynes's requested accommodation to be reasonable in the run of cases, and accordingly, he placed on AT&T the burden of showing undue hardship. AT&T contends that this was improper, and that the Magistrate Judge should have instead placed on Haynes the burden of showing special circumstances demonstrating the reasonableness of his request. (Doc. 30 at 12). AT&T also asserts that the Magistrate Judge misstates the accommodation that Haynes actually requested. (Id.) Specifically, AT&T contends, "[t]he relevant question is not simply whether reassignment to a vacant position is a

8

reasonable accommodation, but rather, whether reassignment to a vacant position—*over a more qualified applicant when the employer has a policy of hiring only the most qualified candidate*—is a reasonable accommodation 'in the run of cases.'" (Id. at 12-13). The court agrees that the Magistrate Judge mischaracterized the accommodation requested by Haynes, and that this error affected his conclusion that said accommodation is reasonable in the run of cases.

The Magistrate Judge articulated the "key legal issue" presented in the instant case as follows: "whether and when the ADA, as part of a reasonable accommodation process, may compel an employer to reassign a disabled employee to a vacant position in favor of other candidates, better qualified or otherwise." (Doc. 28 at 19). He then proceeded to conclude that, at least for purposes of summary judgment, Haynes "satisfied his burden of showing that reassignment has, in a number of cases, been found to be a reasonable form of accommodation," and thus, he satisfied step one of the Barnett test. (Id. at 26).

The undersigned finds that the Magistrate Judge erred by putting aside the question of whether other applicants were "better qualified" than Haynes or not. This distinction is material, in evaluating the reasonableness of reassignment. Notably, in Barnett, the Supreme Court did not address the reasonableness of reassignment in favor of *any* other candidates, more senior or otherwise. Rather, the Barnett Court addressed a question which took into account more specific circumstances: whether an employer must reassign a disabled employee to a certain position, which he or she requests as a "reasonable accommodation[,]" even though a more senior employee "is entitled to hold the position under the

9

employer's bone fide and established seniority system." 535 U.S. at 395-96.

In the instant case, AT&T cogently asserts that other applicants were better qualified for the positions requested by Haynes. Haynes has failed to come forward with evidence to the contrary. He simply argues that he should have been reassigned, regardless of whether he was the most qualified candidate for any of the positions to which he sought reassignment.[7] In essence, Haynes seeks reassignment over another candidate who is more qualified for the job, when the most qualified candidate would normally be entitled to the job under the employer's established hiring practices. Haynes has failed to show that such an

---

[7] The court wishes to emphasize the narrowness of its reasoning by noting that Haynes has not presented any evidence to cast doubt on AT&T's assertion that, under its "most qualified" policy, other individuals with superior qualifications were entitled to each position to which Haynes sought reassignment. Indeed, *Haynes does not assert that he was the most qualified candidate for any position.* (Doc. 16, Ex. A at 186-87). Rather, he contends that after he requested reassignment as an accommodation for his disability, AT&T should have reassigned him to a vacant position for which he possessed the minimum qualifications, even if his qualifications were inferior to the qualifications of other applicants.

There may be other cases in which an employer's policy of hiring the "most qualified" candidate would leave the factfinder with an open question as to whether another candidate was, in fact, *entitled* to the job at issue by virtue of his or her allegedly superior qualifications. This is not such a case. Here, the court can assume that other candidates were entitled to the positions at issue on the basis of objectively measurable qualifications, by virtue of the very nature of the accommodation requested by Haynes.

accommodation is reasonable in the run of cases.[8]

In light of this conclusion, Haynes can only avoid summary judgment by showing special circumstances which establish that, in the circumstances of his case, the accommodation he requested is reasonable. See Shapiro, 292 F.3d at 361. However, the court need not reach the question of whether Haynes has shown special circumstances in this case, because, for the reasons set forth infra, Part III.D, the court concludes that summary judgment is appropriate for other reasons.

C.     **Relevant Time Period for Considering Reassignment**

AT&T objects to "confusion" in the R&R pertaining to Haynes's request to be reassigned to a "less stressful" job. (Doc. 30 at 16). The R&R notes that, under Third Circuit precedent, nebulous requests for a "less stressful" job are unreasonable as a matter of law. (Doc. 28 at 30-32). However, the R&R also found that Haynes provided AT&T with a more specific request, when Dr. Goldman recommended that Haynes be relieved of the responsibility of taking telephone calls from customers. (Id. at 32). In its objections to the R&R, AT&T points out that this medical recommendation was not presented to AT&T until December 2007. (Doc. 30 at 17). Thus, AT&T argues that, prior to this date, it was under no obligation to

---

[8] In his opposition brief, Haynes attempts to show that reassignment over a more qualified candidate is a reasonable accommodation. (See Doc. 18 at 21-24). The court is not persuaded that his burden under the first step of the Barnett test is satisfied. First, Haynes merely establishes that some courts—one side of a split in authority—have found reassignment to be reasonable accommodation. Showing that his requested accommodation is reasonable "in the run of cases" requires more. Second, the *ratio decidendi* of certain cases relied upon by Haynes— specifically, the caselaw pre-dating Barnett—is of limited utility in light of the Barnett Court's conclusion that a reassignment which violates the rules of a seniority system is *not* a reasonable accommodation in ordinary cases.

11

reassign Haynes to a vacant position. The court agrees with this point. Hence, to the extent that the R&R finds or concludes that, at any time prior to December of 2007, AT&T may have been obligated to reassign Haynes as a reasonable accommodation for his disability, the court rejects it. Any earlier request that AT&T reassign Haynes to a "less stressful" position, without specific directives, sought an accommodation that is unreasonable as a matter of law.

### D. <u>**Minimal Qualifications for Vacant Positions**</u>

AT&T's fourth objection to the R&R alleges error in the Magistrate Judge's implicit finding that Haynes possessed at least minimal qualifications to perform the essential duties of the jobs to which he sought reassignment. (Doc. 30 at 17-18). The Third Circuit has made it clear that Haynes "bears the burden of demonstrating: (1) that there was a vacant, funded position; (2) that the position was at or below the level of [his] former job; and (3) that [he] was qualified to perform the essential duties of this job with reasonable accommodation." <u>Shapiro</u>, 292 F.3d at 360 (quoting <u>Donahue v. Consolidated Rail Corp.</u>, 224 F.3d 226, 230 (3d Cir. 2000)). AT&T argues that the Magistrate Judge neglected to analyze these claims, as a threshold matter, before reaching the <u>Barnett</u> test. (Doc. 30 at 18).

Haynes responds to AT&T's objection simply by arguing that no evidence of record shows that he was unqualified for any of the vacant positions. (Doc. 31 at 15). Haynes argues that AT&T has failed to meet its "burden of proving that there is no genuine issue of material fact as to whether [Haynes] was qualified for any or all of the vacant positions for which he applied." (<u>Id.</u> at 16). This argument overlooks the fact that AT&T can meet its burden simply by pointing out an

12

absence of evidence supporting Haynes's case. Celotex Corp., 477 U.S. at 325. Here, AT&T has done exactly that: it has pointed out the absence of evidence showing that Haynes was qualified to perform the duties of any vacant positions, which is an essential element of Haynes's failure-to-reassign claim. (See Doc. 30 at 18; Doc. 32 at 7-9). Haynes's response, asserting that there is a genuine issue of material fact as to his qualifications, is insufficient to avoid summary judgment, because it fails to present *affirmative evidence* demonstrating Haynes's right to relief. See infra Part II.A. The court must therefore conclude that AT&T is entitled to summary judgment on Haynes's failure-to-reassign claim.

### E. Comparative Qualifications for Vacant Positions

In its final objection to the R&R, AT&T takes issue with the Magistrate Judge's statement that "the evidence . . . that [Haynes] was not the most qualified applicant for any position to which is applied is especially limited." (Doc. 28 at 27 n.8; see also Doc. 30 at 18-19). This issue has no effect on the outcome of the pending case, and therefore, it warrants very little discussion. As the court has already explained, Haynes has taken a position in this litigation that permits the court to assume that his qualifications were inferior to the qualifications of other applicants. See supra note 7 and accompanying text. The court will therefore decline to adopt the remarks made by the Magistrate Judge in footnote 8 of the R&R, not because it finds them to be erroneous, but because they are immaterial to the to the court's disposition of the pending motion for summary judgment.

**IV. Conclusion**

The court agrees with the Magistrate Judge's recommendation to grant partial summary judgment in AT&T's favor. For the reasons set forth in the R&R, summary judgment will be granted on Haynes's retaliation claim, and on Haynes's claim that AT&T discriminated against him by failing to provide him with an adjustable desk and a workspace in close proximity to the restroom. With respect to Haynes's discrimination claim arising from AT&T's failure to reassign him to a vacant position, the court rejects the analysis of the Magistrate Judge as hereinabove set forth, and the court finds that AT&T is entitled to summary judgment. Accordingly, AT&T's motion for summary judgment will be granted in full.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated: February 8, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKHAIL HAYNES,** | : | **CIVIL ACTION NO. 1:09-CV-450** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **AT&T MOBILITY, LLC, f/k/a** | : | |
| **CINGULAR WIRELESS, LLC,** | : | |
| **Defendant** | : | |

# <u>ORDER</u>

AND NOW, this 8th day of February, 2011, upon consideration of the report of the Magistrate Judge (Doc. 28), wherein the Magistrate Judge recommends that the motion for summary judgment (Doc. 15), filed by defendant AT&T Mobility, LLC, ("AT&T"), be granted in part and denied in part, and upon further consideration of objections and responsive briefs (Docs. 29-32) filed in response to the Magistrate Judge's report and recommendation, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the Magistrate Judge (Doc. 28) is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED with respect to the conclusion that the court should deny summary judgment on the failure-to-reassign claim raised by plaintiff Mikhail Haynes ("Haynes").

    b. ADOPTED in all other respects.

2. AT&T's motion for summary judgment (Doc. 15) is GRANTED.

3. The Clerk of Court is directed to enter **JUDGMENT** in favor of defendant AT&T and against plaintiff Haynes on all claims.

4. The Clerk of Court is directed to **CLOSE** this case.

        S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge